UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SEAN M., )
 )
        *Plaintiff* )
 )
v. ) No. 1:18-cv-00315-JHR
 )
ANDREW M. SAUL, )
*Commissioner of Social Security*,[1] )
 )
        *Defendant* )

## *MEMORANDUM DECISION*[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ impermissibly construed the raw medical evidence of record to assess limitations stemming from both his mental and shoulder impairments. *See* Statement of Specific Errors ("Statement of Errors") (ECF No. 11) at 1-10. I agree that the ALJ erred in determining the plaintiff's mental limitations and, on that basis, vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not address the plaintiff's argument that error in assessing his shoulder limitations separately warrants remand.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 15.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2017, Finding 1, Record at 17; that he had the severe impairments of degenerative disc disease, degenerative joint disease, and affective, anxiety, and post-traumatic stress disorders, Finding 3, *id*. at 18; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with sitting, standing, and walking six hours each in an eight-hour workday, could occasionally stoop and climb ladders, ropes, and scaffolds, could occasionally reach bilaterally, could tolerate no more than moderate noise exposure, needed to avoid concentrated exposure to extreme cold, could understand, remember, and apply information and focus on and complete simple work-related tasks, could maintain concentration, persistence, or pace for simple work activities, could manage simple social demands, and could adapt to routine changes and manage himself, Finding 5, *id*. at 20; that, considering his age (50 years old, defined as an individual closely approaching advanced age, on his alleged disability onset date, December 28, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 26; and that he, therefore, had not been disabled from December 28, 2018, his alleged onset date of disability, through the date of the decision, September 13, 2017, Finding 11, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The record contains only one expert opinion bearing on the plaintiff's mental impairments, that of Richard Possee, P.A., a physician's assistant who examined him in connection with a United States Department of Veterans Affairs ("VA") disability application. *See* Record at 666. P.A. Possee commented on the plaintiff's physical and mental functional limitations, stating, in relevant part: "[The plaintiff's] mental health disabilities severely limit his ability to interact with other people in the workplace." *Id*.

The ALJ gave "little weight" to the Possee opinion, which he deemed "vague and conclusory." *Id*. at 24. He found that, although the plaintiff had severe affective, anxiety, and post-traumatic stress disorders, *see* Finding 3, *id*. at 18, he retained the RFC to "understand, remember, and apply information and focus on and complete simple work-related tasks[,]"

3

"maintain concentration, persistence, or pace for simple work activities[,]" "manage simple social demands[,]" and "adapt to routine changes and manage himself[,]" Finding 5, *id*. at 20.

The plaintiff argues that the ALJ's mental RFC determination is the product of an impermissible layperson's interpretation of the raw medical evidence, warranting remand pursuant to *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017). *See* Statement of Errors at 4-5; *Lisa Staples*, 2017 WL 1011426, at *2 (concluding that ALJ's "mental and physical RFC determinations were neither supported by expert medical opinion nor the product of a permissible commonsense judgment" and rejecting commissioner's argument that any error was harmless because the assessed RFC was "more favorable than the evidence support[ed] and/or gave the [claimant] the benefit of the doubt").

The commissioner rejoins that an ALJ need not necessarily rely on expert opinion to assess a claimant's RFC, which is "'an administrative finding reserved to the Commissioner,'" distinguishing *Lisa Staples* on the basis that, in this case, the ALJ made a permissible common-sense judgment of the plaintiff's mental RFC. Defendant's Opposition to Plaintiff's Statement of Specific Errors ("Opposition") (ECF No. 12) at 2-4 (quoting *Purdy v. Berryhill*, 887 F.3d 7, 14 (1st Cir. 2018)). He adds that, "at most, the ALJ made a more restrictive mental RFC determination than the credible evidence supported." *Id*. at 7. The plaintiff has the better argument.

In deeming the plaintiff's mental impairments severe, the ALJ determined that he had a moderate limitation in concentrating, persisting, or maintaining pace. *See* Record at 19. He concluded, however, that the plaintiff retained the capacity, *inter alia,* to "focus on and complete simple work-related tasks" and "maintain concentration, persistence, or pace for simple work

4

activities." Finding 5, *id*. at 20. He explained that the plaintiff did not consistently report psychological symptoms, those he did report were generally mild, findings on mental status examination were largely normal, and the plaintiff had engaged in a wide variety of activities of daily living, including performing some work after his alleged onset date of disability. *See id*. at 24. Yet, he did not explain how a restriction to simple work addressed the plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. *See id*. Nor is the matter self-evident. *See, e.g.*, *Caudle v. Colvin*, No. 1:15-cv-201-JHR, 2016 WL 1734074, at *5 (D. Me. Apr. 29, 2016) ("It is hardly clear, as a matter of common sense, that moderate restrictions in concentration, persistence, or pace would result in a need for a limitation to simple tasks/instructions.").[3]

The ALJ, hence, did not make a permissible common-sense judgment, as a layperson, of the plaintiff's mental RFC. That, in turn, undermined his reliance at Step 5 on the testimony of a vocational expert that a person with the stated RFC could perform work existing in significant numbers in the national economy. *See* Record at 27; s*ee also, e.g.*, *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

The commissioner argues that any error nonetheless was harmless because the ALJ's RFC determination was more favorable to the plaintiff than the evidence would otherwise support. *See* Opposition at 7. However, absent any expert opinion that could stand as substantial evidence that

---

[3] The commissioner cites *Priest v. Colvin*, No. 1:15-cv-00379-JHR, 2016 WL 7335583 (D. Me. Dec. 16, 2016), for the proposition that "'reports of normal mental status upon examination . . . are not the type of raw medical data that a layperson is prohibited to evaluate.'" Opposition at 3-4 (quoting *Priest*, 2016 WL 7335583, at *2). However, while the court in *Priest* concluded that normal mental status reports constituted evidence contradicting the findings of state-agency psychologists that the claimant's anxiety disorder was severe, it vacated the ALJ's decision and remanded the case for further proceedings because the ALJ's conclusion that the plaintiff's mental impairment was nonsevere diverged from those of all experts whose opinions were of record, "even if there was some evidence in the record that could be interpreted to contradict the uniform professional opinions to the contrary." *Priest*, 2016 WL 7335583, at *3.

5

the plaintiff was less limited than found by the ALJ, that was not the case. *See, e.g., Geoffrion v. Berryhill*, No. 2:16-cv-00596-JAW, 2017 WL 5665556, at *2, 4 (D. Me. Nov. 26, 2017) (rec. dec., *aff'd* Dec. 18, 2017) (ALJ did not assess a mental RFC determination more favorable than the evidence would support when he effectively conceded that experts' opinions that claimant's mental impairments were nonsevere could not stand as substantial evidence); *Lisa Staples*, 2017 WL 1011426, at *5 (ALJ who effectively rejected less restrictive expert opinions did not give claimant benefit of doubt or assess a mental RFC more favorable than the remaining evidence would support); *compare, e.g., Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) ("In circumstances in which an ALJ supportably rejects a treating physician opinion but otherwise gives the claimant the benefit of the doubt by adopting an RFC more favorable to the claimant than those set forth in expert opinions on which the ALJ otherwise could have relied, remand is unwarranted."); *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *5 (D. Me. June 25, 2017) (rec. dec., *aff'd* Aug. 28, 2017) (ALJ assessed RFC more favorable than evidence would otherwise support when record contained opinions of three experts deeming claimant "less physically restricted than found by the ALJ").[4]

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

---

[4] The commissioner makes what amounts to one additional harmless-error argument: that the plaintiff fails to show that P.A. Possee's opinion was necessarily inconsistent with the performance of one of the two jobs on which the ALJ relied at Step 5, that of sandwich board carrier, *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. 1991) § 299.687-014, which involves neither talking nor hearing and lists interaction with people as not significant. *See* Opposition at 8. However, the plaintiff does not contend that the ALJ erred in failing to adopt the Possee opinion but, rather, that his mental RFC determination *in toto* is the product of an impermissible layperson's judgment. *See* Statement of Errors at 2-5.

Dated this 30th day of August, 2019.

                                                    /s/ John H. Rich III
                                                    John H. Rich III
                                                    United States Magistrate Judge